XAVIER BECERRA, State Bar No. 118517
Attorney General of California
DAVID J. NEILL, State Bar No. 186997
Supervising Deputy Attorney General
MATTHEW T. BESMER, State Bar No. 269138
Deputy Attorney General
2550 Mariposa Mall, Room 5090
Fresno, CA 93721
Telephone: (559) 477-1680
Fax: (559) 445-5106
E-mail: Matthew.Besmer@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAURICE C. MOCK,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; PLEASANT VALLEY STATE PRISON; JEFFREY A BEARD, in official capacity; JOHN KEITH, in his individual and official capacities; and DOES 1 through 50, inclusive,**<br><br>Defendants. | 1:15-cv-01104-MJS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date: October 24, 2017<br>Action Filed: June 15, 2015 |

To protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving employment information, medical information, private thoughts, private communications between family members or confidential financial information, subject to protection under the Federal Rules of Civil

1  Procedure or California law.  Where a document or response consists of more than one page, the
2  first page and each page on which confidential information appears shall be so designated.

3        2.    A party or non-party may designate information disclosed during a deposition or in
4  response to written discovery as "confidential" by so indicating in said responses or on the record
5  at the deposition and requesting the preparation of a separate transcript of such material.
6  Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt
7  of said responses or of the deposition transcript for which the designation is proposed, that
8  specific pages of the transcript and/or specific responses be treated as "confidential" information.
9  Any other party may object to such proposal, in writing or on the record.  Upon such objection,
10 the parties shall follow the procedures described in paragraph 8 below.  After any designation
11 made according to the procedure set forth in this paragraph, the designated documents or
12 information shall be treated according to the designation until the matter is resolved according to
13 the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for
14 marking all previously unmarked copies of the designated material in their possession or control
15 with the specified designation.

16       3.    Any party may designate Information as "Highly Confidential Information –
17 Attorneys Eyes Only" under the terms of this order.  "Highly Confidential Information –
18 Attorneys Eyes Only" is information which, according to a party, is of an unusually confidential
19 or proprietary nature.  "Highly Confidential Information – Attorneys Eyes Only" is information
20 which is only for the eyes of counsel, its legal assistants and its legal staff, as well as the Court,
21 and shall not be disclosed to a party or to an officer, director, or employee of a party unless such
22 disclosure is agreed to by all parties hereto in writing or ordered by the Court.

23       4.    All information produced or exchanged in the course of this case (other than
24 information that is publicly available) shall be used by the party or parties to whom the
25 information is produced solely for the purpose of this case.

26       5.    Except with the prior written consent of the other parties, or upon prior order of this
27 Court obtained upon notice to opposing counsel, documents and/or information designated as
28 confidential as described in paragraphs 1 and 2  above and paragraphs 9 and 17 below

("Confidential Information") shall not be disclosed to any person other than: (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation; (b) employees of such counsel; (c) individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation; (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information; (e) any authors or recipients of the Confidential Information; (f) the Court, court personnel, and court reporters; and (g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. A party seeking to file a document under seal must seek authorization of the Court in accordance with Civil Local Rule 141. No document shall be filed under seal except pursuant to a court order that authorizes the sealing of the particular document or portion thereof and is narrowly tailored to seal only that material for which good cause to seal has been established. Only those documents, pages or, if practicable, those portions of documents or pages, which contain the information requiring confidentiality shall be sealed.

3

Stipulated Protective Order  (1:15-cv-01104-MJS)

8. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope: This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

9. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

11. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt

of a written challenge to such designation; or (c) the Court rules the material is not Confidential Information.

12. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either:  (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information; or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  This Stipulation shall have no application to trial, or the presentation of evidence at trial in this matter.  Should either party deem a protective order necessary at the time of trial, they may enter into an agreement or move the Court for an appropriate order.

14. This Stipulation is made without prejudice to the right of any party to seek an Order from the Court modifying or limiting any designation of information or documents as confidential, or otherwise modifying this Stipulation and Protective Order in any way with respect to any specified materials after forty-eight (48) hours written notice to the opposing party.

15. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

16. Each category of information proposed to be covered by this Order implicates the private personal information of the parties, California Department of Corrections and Rehabilitation employees, or witnesses.

17. The following categories of information may be designated as confidential and qualify for protections under this stipulation:

   i. Information contained in "personnel records" including by not limited to information from an employee's official personnel file, supervisory file, employment application and hiring

documents, complaints of any type of alleged misconduct or violation of policy or law, investigations into any type of misconduct or violations of policy or law, corrective action, disciplinary actions, and adverse action.

    ii. Personal or health information regarding an inmate, former inmate, or employee or former employee of CDCR;

    iii. Medical and mental health records and information; and

    iv. Information subject to protection under Eastern District of California Local Rules 140, 141, and 141.1.

    18.   Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Dated:  February 6, 2017                                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DAVID J. NEILL
Supervising Deputy Attorney General

*Matthew T. Besmer*

MATTHEW T. BESMER
Deputy Attorney General
*Attorneys for Defendants*

Dated:  February 6, 2017                                    KAHN, SOARES & CONWAY, LLP

*Robert B. Zumwalt*
_____
Robert B. Zumwalt
Attorneys for Plaintiff

## ORDER

With good cause showing, the foregoing Stipulated Protective Order is approved.

IT IS SO ORDERED.

Dated:   February 7, 2017              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated February ___, 2017, in *Mock v. CDCR*, *et. al.*, U.S. District Court Case No. 1:15-cv-01140-MJS.  I have been given a copy of that Order and read it.  I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information -- including copies, notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes, or other transcriptions made therefrom --to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court of the Eastern District of California for the purpose of enforcing the Protective Order.

Dated: _____        _____